(No. 1404—)

MARGARET SHAW, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed December 16, 1929.*
*Rehearing denied March 12, 1930.*

FRANCIS C. VONACHEN, for claimant.

OSCAR E. CARLSTROM, Attorney General; ROY D. JOHNSON, Assistant Attorney General, for respondent.

Mr. JUSTICE THOMAS delivered the opinion of the court:

Claimant was a night attendant in one of the violent wards of the Peoria State Hospital for the Insane. She alleges that on the 21st day of December, 1927, one of the patients struck her a blow on the head knocking her down and, that in falling, she struck her left limb on an iron bed and permanently injured it. She asks compensation under the provisions of the Workmen's Compensation Act on the theory said act applies automatically to the State.

The provisions of the Workmen's Compensation Act automatically apply to the State only when the State is engaged in. some of the enterprises declared to be extra hazardous by section 3 of that act. The maintenance of a hospital for the insane is not an enterprise declared extra hazardous by that section, and the provisions of the Workmen's Compensation Act do not apply. (*McInturff* v. *State,* 5 Ct. Cl. 314.)

Claimant voluntarily accepted the employment in which she was engaged at the time of her alleged injury and assumed the ordinary perils of the work she was engaged to perform. (*Neighbors* v. *State,* 5 Ct. Cl. 238; *Consolidated Coal Co.* v. *Haenni,* 146 Ill. 614; *Illinois Terminal R. R. Co.* v. *Thompson,* 210 Ill. 226.) It is a matter of common knowledge that the care of the insane is attended with danger. One who voluntarily undertakes the duties of supervising and caring for such persons assumes all the risks ordinarily incident to such employment. As claimant's alleged injury was the result of the risks she assumed she is not entitled to an award.

The claim is therefore denied and the case dismissed.

On March 12, 1930, upon petition for rehearing, the following additional opinion was filed:

Claimant bases her petition for a rehearing on the ground that prior to the taking of testimony it was agreed by the attorneys for claimant and the State that the Workmen's Compensation Act applied to the case and, relying on such agreement, claimant took no testimony relative to the State being subject to that act. Whether or not the Workmen's Compensation Act applies to the State is to be determined from the provisions of the Act and not from evidence. As we pointed out in the opinion, that Act only applies to the State when the State is engaged in some one of the enterprises declared by section 3 of the Act to be extra hazardous, and the maintenance of a hospital for the insane is not such an enterprise. The petition for rehearing is denied.